UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH MEMON, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY J. BLINKEN, in his official capacity as Secretary of State,<br><br>Defendant. | Civil Action No. 22-0754 (CKK) |

MEMORANDUM OPINION
(February 1, 2023)

As the State Department faces a substantial backlog of visa applications, lawsuits to speed review have become legion in this jurisdiction. Like most, Plaintiffs in this action ask to cut the line in front of less fortunate applicants without the means to secure counsel. Because Plaintiffs plead no plausible facts warranting such inequitable relief, the Court shall **GRANT** Defendant's [10] Motion to Dismiss.

The Court assumes the reader's familiarity with the process and statutory background for visa applications broadly. The Court takes the following facts, to the extent they are plausible, as true for the purposes of resolving the pending Rule 12(b)(6) motion to dismiss. *See Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). On December 11, 2019, Plaintiffs Abdullah Memon, Fatimah Memon, Muhammad Tayyab Memon, Javeriah Memon, and Mariah Memon applied for visas to enter the United States, sponsored by their mother and lawful permanent resident Plaintiff Khair Memon. Am. Compl. ¶ 3, ECF No. 5. Their applications have been pending at the State Department's National Visa Center ("NVC") since June 3, 2022. *Id.* ¶¶ 1-2. To date, the NVC has not forwarded their applications to a consular

officer for interview(s) at the United States Embassy, Islamabad.  *See id.* ¶ 10.  As such, the time elapsed between submission to now is approximately 34 months.

Plaintiffs insist that Defendant, therefore, has not adjudicated their applications "within a reasonable time" as required by the Administrative Procedure Act,  5 U.S.C. § 555(b) and that the Court must "compel [that] agency action [as] unlawfully withheld or unreasonably delayed." *Id.* § 706(1).  Plaintiffs also press a claim under the Mandamus Act, 28 U.S.C. § 1361, which is subject to the same standard applied to claims under § 706(1) of the APA. *Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017).

Although a court may order an agency "to perform a [mandatory] act, [i.e.,] to take action upon a matter," a court may not decide "*how* [the agency] shall act." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004).  Here, there is no real allegation that Defendant has simply refused to act entirely.  Rather, Plaintiffs insist that "Defendant has failed to complete his duties within a reasonable time."  Am. Compl. at 18.

To determine whether Plaintiffs have sufficiently alleged that agency action has been "unreasonably delayed," the Court applies the familiar "*TRAC*" factors laid out in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984):

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80) (internal quotation marks omitted).

Whether delay is "unreasonable" depends in part upon "the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). Moreover, the D.C. Circuit has noted the "importance of competing priorities in assessing the reasonableness of an administrative delay." *Id.* (internal citations and quotation marks omitted). Critically here, the Court is bound by clear Circuit precedent that it may not grant relief where an "order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain." *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991).

### 1. *TRAC* Factors One & Two

The D.C. Circuit has explained that the first TRAC factor—the time agencies take to make decisions must be governed by a "rule of reason"—is the "most important," although it is generally reviewed with the second TRAC factor as well. *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The inquiry centers on "whether the agency's response time . . . is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Interest v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014). Because Congress has provided no statutory timeframe indicating how quickly it requires the State Department to process visa applications, *TRAC* factor two is inapplicable.

In general, courts in this jurisdiction have regularly found that the Government applies a "rule of reason" to the review of visa petitions by adjudicating applications in the order they were filed. *See, e.g.*, *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 50 (D.D.C. 2021); *Muvvala v. Wolf*, No. 20-cv-02423, 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020) ("Other federal courts have held that this first-in, first-out method of adjudication constitutes a 'rule of reason' and satisfies the first

3

TRAC factor."). Simply put, the inquiry begins and ends with Defendant's consistent application of the "first-in, first-out" methodology.

That said, courts of this jurisdiction often look the length of delay as a rough yardstick to determine whether that rule is, in fact, being applied. In this regard, courts in this Circuit have routinely held that delays somewhat shorter than Plaintiffs' are not unreasonable. *See, e.g.*, *Ghadami v. United States Dep't of Homeland Sec.*, No. CV 19-00397, 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) (ABJ) ("[M]any courts evaluating similar delays [i.e., 25 months] have declined to find a two-year period to be unreasonable as a matter of law."); *Bagherian*, 442 F. Supp. 3d at 95 ("[T]he twenty-five-month delay at issue here is not unreasonable as a matter of law, given the circumstances."); *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153-54 (D.D.C. 2017) (RJL) (two-year delay "does not typically require judicial intervention"). Some courts have held that delays of even three or more years may be reasonable. *See, e.g.*, *Fangfang v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020); *Yavari v. Pompeo*, No. 2:19-cv-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable.").

Plaintiffs' reliance on cases outside of this jurisdiction in which courts have granted relief on shorter periods of delay misses the point entirely. First of all, the question is not whether a length of time is "unfair" in some loose, equitable sense, but rather whether the delay is caused by a "rule of reason" and the resources available to the agency. *Norton*, 336 F.3d at 1102. Moreover, even if there has been some breakdown in that system, a court *cannot* reorder the queue absent truly exceptional circumstances. *See In re Barr Labs., Inc.*, 930 F.2d at 75. There has been no breakdown here; Defendant simply continues to face "an extraordinary backlog of visas across the

world" arising from the shutdown in global services during the height of the COVID-19 pandemic. *See Tate v. Pompeo*, 513 F. Supp. 3d 132, 150 (D.D.C. 2021) (BAH). Although it is unfortunate that this backlog has coincided with Plaintiffs' applications, there is nothing about those circumstances, even as merely pled, that permit judicial intervention.

### 2. TRAC Factor Four

Next, the Court finds that the fourth *TRAC* factor—"the effect of expediting delayed action on agency activities of a higher or competing priority"—weighs against Plaintiffs. *TRAC*, 750 F.2d at 80. Reordering the queue does just that. *Desai v. USCIS*, No. 20-1005, 2021 WL 1110737, at *7 (D.D.C. Mar. 22, 2021) (CKK); *see also, e.g.*, *Palakuru*, 521 F. Supp. 3d at 53 ("Granting [Plaintiff] relief here would advance his petition in front of others similarly situated—with respect to the availability of visas and investment in a regional center—who filed their petitions earlier.").

### 3. *TRAC* Factors Three & Five

The third and fifth factors are often considered together, and require the Court to consider Plaintiffs' interests, health, and welfare. *Ghadami*, 2020 WL 1308376, at *9. In general, concerns about separation from family or an inability to supervise an economic investment are insufficient to weigh in favor of the plaintiff. *See, e.g.*, *Desai*, 2021 WL 110737 at *7 (economic interests); *Thakker v. Renaud*, No. 20-1133 (CKK), 2021 WL 1092269, at *7–8 (D.D.C. Mar. 21, 2021) (family separation); *Palakuru*, 521 F. Supp. 3d at 53 (same). "[D]espair over [Plainitffs'] separation [while] clinging to a final thread of hope that their family will be reunited," Plaintiff's Opp'n at 17, ECF No. 11, is among those interests that do not warrant relief. The Court notes again that, in light of the current backlog, tens of thousands of families around the world are currently suffering the exact same injury, many of whom are without the resources to attempt to skip the line.

### 4. *TRAC* Factor Six

The sixth *TRAC* factor notes that the "Court need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed." *Ghadami v. U.S. Dep't of Homeland Sec.*, Civ. A. No. 19-0397 (AJB) 2020 WL 1308376, at *9 (D.D.C. Mar. 10, 2020). No court of this jurisdiction has yet found bad faith on the part of the State Department,[1] and Plaintiffs plead no facts permitting this Court to be the first.

Because Plaintiffs' APA claim fails, their mandamus action alleging unreasonable delay necessarily fails as well. *See Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020) ("Because Plaintiffs' APA claim fails, mandamus is not available.").

\*   \*   \*

For the foregoing reasons, the Court **GRANTS** Defendant's [10] Motion to Dismiss and **DISMISS** Plaintiff's [1] Complaint. An appropriate order accompanies this Memorandum Opinion.

Date: February 1, 2023

                                                                                          /s/
                                                                       COLLEEN KOLLAR-KOTELLY
                                                                       United States District Judge

---

[1] *E.g.*, *Tate*, 513 F. Supp. 3d at 150; *Mohammad v. Blinken*, 548 F. Supp. 3d 159, 169 (D.D.C. 2021); *Xiaobing v. Blinken*, 544 F. Supp. 3d 1, 14 (D.D.C. 2021). For brevity's sake, the Court need not name scores more cases.